IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| OAKWIND LTD., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § CIVIL ACTION NO. 4:17-CV-798 | |
| MARKEL INSURANCE COMPANY, § | |
| EVANSTON INSURANCE COMPANY, § | |
| MARKEL SERVICE, INC., AND JASON § | |
| WESLEY WHITWORTH, § | |
| § | |
| Defendants. | |

## DEFENDANT EVANSTON INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Evanston Insurance Company ("Evanston") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

## I.
## INTRODUCTION

1. Plaintiff Oakwind, Ltd. ("Oakwind" or "Plaintiff") commenced this lawsuit on August 31, 2017 by filing Plaintiff's Original Petition ("Petition") in the 17th Judicial District Court of Tarrant County, Texas – Cause No. 017-294389-17

2. Plaintiff's Petition, which includes a jury demand, names Markel Insurance Company ("MIC"), Evanston Insurance Company, Markel Service, Incorporated ("MSI"), and Jason Wesley Whitworth ("Whitworth") as defendants (collectively, "Defendants").[1] Whitworth was an adjuster assigned to Plaintiff's insurance claim which made the basis of this lawsuit.

---

[1] At this time, Defendants assert that only Whitworth is improperly joined in this lawsuit. However, Defendants do not concede that either MIC or MSI is a proper party to this action, as the insurance policy at issue was issued by Evanston.

3. Plaintiff's Petition contains the same causes of action against all Defendants, alleging they committed violations of Section 541.060 of the Texas Insurance Code.[2]

4. Defendants were served with this lawsuit on September 5, 2017.

5. Evanston files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

6. MIC and MSI consent to this removal.

7. Whitworth need not consent to removal as Evanston contends that he was improperly joined. However, to the extent necessary, Whitworth consents to this Notice of Removal as the undersigned attorneys represent all Defendants.

## II.
## BASIS FOR REMOVAL

8. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

9. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.**  **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and MIC, Evanston Insurance Company, MSI**

10. Plaintiff's Petition states that Plaintiff is "a Domestic Limited Company and owns the properties that are the subject of this lawsuit, which are located in Tarrant County Texas.[3] Plaintiff Oakwind, Ltd. was at the time this lawsuit was filed, and at the date of this Notice remains, a limited partnership with its general partner located in Irving, Texas. Accordingly, Plaintiff is a

---

[2] *See* Plaintiff's Petition ¶¶ 27-31.

[3] *See* Plaintiff's Petition, ¶ 1.

citizen of the state of Texas for purposes of diversity of citizenship.

11. Defendant MIC was at the time this lawsuit was filed, and at the date of this Notice remains, an Illinois insurance company with its principal place of business in Virginia. MIC is thus a citizen of Illinois and Virginia for diversity jurisdiction purposes.

12. Defendant Evanston Insurance Company is an Illinois company with its principal place of business in Illinois. Evanston Insurance Company is thus a citizen of Illinois for diversity jurisdiction purposes.

13. Defendant MSI is a Virginia company with its principal place of business in Virginia. MSI is thus a citizen of Virginia for diversity jurisdiction purposes.

14. Whitworth is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Whitworth in this lawsuit. His citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff, MIC, Evanston Insurance Company, and MSI (now and on the date Plaintiff filed this lawsuit).

15. Because Plaintiff is a citizen of Texas and the properly joined defendants are not citizens of Texas, complete diversity of citizenship exists (now and on the date Plaintiff filed this lawsuit).

### i.   *Plaintiff improperly joined Whitworth to defeat this Court's diversity jurisdiction.*

16. A defendant is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[4] This second condition is met when there is no reasonable possibility that the

---

[4]   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

plaintiff might recover against the improperly-joined in-state defendant.[5] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[6]

17. Per the Fifth Circuit, the improper joinder analysis requires an examination of Plaintiff's Petition under the Federal pleading standard.[7] This requires Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."[8] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]

18. Plaintiff's Petition is nothing more than formulaic recitations of the elements of the alleged causes of action. As elaborated upon below, Plaintiff fails to demonstrate a reasonable possibility of recovery against Whitworth.

> ### ii. *Plaintiff has no reasonable possibility of recovery against Whitworth for violations of Chapter 541 of the Texas Insurance Code.*

19. Plaintiff alleges that Whitworth committed the following violations of Section 541.060(a) of the Texas Insurance Code:

> Section 541.060(a)(1) – misrepresenting a material fact or policy provision related to coverage;

---

[5] *See id.*

[6] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[7] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas*, 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

[8] *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Twombly*, 550 U.S. at 555.

Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

Section 541.060(a)(3) – failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[10]

20. The courts of this District have found these allegations insufficient to support an independent cause of action against adjusters like Whitworth.[11] Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[12] "But for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by the [Code], *not just be connected to an insurance company's denial of coverage*."[13] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the

---

[10] *See* Plaintiff's Petition ¶¶ 39-49.

[11] *See, e.g., Mainali Corp. v. Covington Specialty Ins. Co.,* 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)*; Together 6 LLC v. Burlington Ins. Co.,* Civil Action No. 4:15-CV-064-Y, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, T.) (holding that the plaintiff failed to state viable claims against an adjuster under §§541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.

[12] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[13] *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

carrier's alleged breach of contract.[14] Absent actual damages, other than the unpaid policy benefits, there is no cause of action against an adjuster under Chapter 541 of the Texas Insurance Code.[15]

21. The focus of Plaintiff's allegations against Whitworth relate directly to unpaid policy benefits. Plaintiff has not pled any facts demonstrating an additional and independent injury, meaning Plaintiff does not have a reasonable possibility of recovery against Whitworth under Chapter 541 of the Texas Insurance Code.

22. Moreover, Plaintiff makes unsupportable and inadmissible factual allegations pertaining to communications between Whitworth and Plaintiff's agent. The statements are baseless and are not to be given any weight, and as such, do not support any causes of action asserted by Plaintiff.

### iii. Plaintiff's Petition bears a "badge of improper joinder" recognized by this Court.

23. Not only has Plaintiff failed to demonstrate a reasonable possibility of recovery from Whitworth, but Plaintiff's Petition also bears a "badge of improper joinder" recognized by this Court.[16] In particular, Plaintiff has no "plausible reason for suing [Whitworth] other than to defeat diversity jurisdiction."[17] There is no credible reason why a favorable judgment on Plaintiff's claims against Evanston, MIC, and/or MSI (if warranted) would fail to afford Plaintiff full and

---

[14] *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014) (Lindsay, S.) ("the Texas Supreme Court left no doubt that an independent injury was required to recover under the Texas Insurance Code.").

[15] *See, e.g., Messersmith*, 10 F.Supp.3d 721 (finding no reasonable possibility of recovery against an adjuster for, in part, lack of independent injury).

[16] *See Plascencia v. State Farm Lloyds,* Civ. A. 4:14-CV-00524-A, 2014 WL 11474841 at *14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.); *see also Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d at 724-25 (N.D. Tex. 2014) (Solis, J.).

[17] *See Plascencia*, 2014 WL 11474841 at *15-18.

complete relief. Nor is there any "suggestion that a recovery by [P]laintiff against [Whitworth] would provide any financial gain to [P]laintiff."[18] Because the core of Plaintiff's Petition is that Evanston failed to pay what Plaintiff feels it is owed under the Evanston policy, it is clear that Plaintiff's claims against Whitworth are intended solely to deprive this Court of jurisdiction.

24. In fact, Plaintiff's Petition makes broad allegations that all "Defendants" committed the following violations of Section 541.060 of the Texas Insurance Code:

> "Defendants' conduct constitutes a violation of the Texas Insurance Code Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(1)."

> "Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(3)."

> "Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(4)."

> "Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A)."

> "Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7)."[19]

25. These assertions made against all Defendants concern alleged unfair settlement practice. Clearly, Plaintiff's allegations are centered on Evanston's failure to settle the claim under the Policy issued by Evanston. A favorable judgment on Plaintiff's claims against Evanston, MIC, and/or MSI (if warranted) would afford Plaintiff full and complete relief. Thus, Whitworth was joined solely to defeat diversity jurisdiction.

---

[18] *Id*. at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

[19] *See* Plaintiff's Petition ¶¶ 27-31.

**B.      Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

26.     If it is facially apparent that Plaintiffs' claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Evanston's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[20]

27.     Here, Plaintiff's Petition states that Plaintiff seeks to recover more than $1,000,000 in this lawsuit.[21] It is thus facially apparent that Plaintiffs' claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

28.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal of this action is proper under 28 U.S.C. § 1332(a).

29.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas promptly after the filing of this Notice.

30.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

      a.      An Index of Matters Being Filed, attached hereto as ***Exhibit A***

      b.      The State Court Docket Sheet, attached hereto as ***Exhibit B***

      c.      Plaintiff's Original Petition, attached hereto as ***Exhibit C***

      d.      Defendants' Original Answer, attached hereto as ***Exhibit D***

---

[20]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[21]   *See* Plaintiffs' Petition ¶ 7.

  e.  Certificate of Interested Persons and Rule 7.1 Disclosure Statement, attached hereto as ***Exhibit E***;

31. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Evanston Insurance Company requests that this action be removed from the 17th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

        Respectfully submitted,

        **ZELLE LLP**

        By:  */s/ Todd M. Tippett*
         Todd M. Tippett
         State Bar No. 24046977
         ttippett@zelle.com
         Victoria L. Vish
         State Bar No. 24089850
         vvish@zelle.com

        901 Main Street, Suite 4000
        Dallas, TX 75202-3975
        Telephone: 214-742-3000
        Facsimile: 214-760-8994

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of Defendant Evanston Insurance Company's Notice of Removal and exhibits have been served this 5th day of October, 2017, in accordance with the Federal Rules of Civil Procedure:

Matthew J. Worrall
mworrall@worralllaw.com
WORRALL LAW GROUP, PLLC
1770 St. James Place, Suite 100
Houston, TX  77056
Telephone: 713-523-5500
Facsimile: 713-583-3411

**ATTORNEY FOR PLAINTIFF**

           */s/ Todd M. Tippett*
           Todd M. Tippett